UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRENCE R. VANCE, | |
|    Petitioner, | |
|        v. | Civil No. 14-cv-790-JPG |
| UNITED STATES OF AMERICA, | Criminal No 09-cr-40070-JPG |
|    Respondent. | |

**MEMORANUM AND ORDER**

This matter comes before the Court on petitioner Terrence R. Vance's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government has responded to the motion (Doc. 15).

**I.    Background**

On March 16, 2010, the petitioner pled guilty to two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). At the petitioner's sentencing on September 17, 2010, the Court found that the petitioner was a career offender based on one prior conviction for a crime of violence (stealing from a person) and one prior conviction for a drug crime (distribution of a controlled substance). *See* U.S.S.G. §4B1.1 (2009). The Court sentenced the petitioner to serve 262 months in prison. The petitioner appealed, and the Court of Appeals affirmed the Court's decision, *United States v. Vance*, 659 F.3d 613 (7th Cir. 2011), but the Supreme Court vacated the judgment and remanded for resentencing in light of *Dorsey v. United States*, 132 S. Ct. 2321 (2012) (finding the Fair Sentencing Act of 2010 applied to a defendant sentenced after enactment even if the offense of conviction occurred before enactment). *Vance v. United States*, 133 S. Ct. 65 (2012).

On remand, the Court held a new sentencing proceeding on November 20, 2012. The Court again found the petitioner to be a career offender based on the same prior convictions and sentenced him to serve 200 months in prison. The petitioner again appealed, and on August 20, 2013, the Court of Appeals granted counsel's motion to withdraw and dismissed the appeal. The petitioner did not seek a writ of *certiorari* from the Supreme Court.

In his § 2255 motion, the petitioner argues that his counsel was ineffective in violation of his Sixth Amendment rights because he:

- failed to object to the use of a prior conviction for stealing as a crime of violence to support career offender status;

- failed to object to the career offender guideline provisions as unconstitutional; and

- failed to investigate evidence showing another person was totally responsible for the drugs and other materials seized in a November 7, 2008, search and failed to argue this theory in the petitioner's defense.

The Court directed the Government to respond to these arguments, which is has done.

**II.      Analysis**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 2830 (2014)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C.

§ 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

All of Vance's claims for relief allege ineffective assistance of counsel in violation of the Sixth Amendment to the Constitution. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether, in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *Jones*, 635 F.3d at 915; *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

    A.    <u>Failure to Object to Use of Stealing From a Person for Career Offender Status</u>

Vance faults his counsel for failing to argue to the Court at sentencing that one of the prior convictions listed in the Presentence Investigation Report was not a "crime of violence" such that it could be used to support career offender status under U.S.S.G. § 4B1.1 (2009). He believes his prior conviction was for "Simple Stealing," a misdemeanor which is not a crime of violence. The Government argues that Vance's prior conviction was not for "Simple Stealing" but for "Stealing from a Person, a Class C felony," which is a crime of violence for career offender purposes. It believes Vance's counsel was not deficient for failing to make a meritless argument and that Vance suffered no prejudice from counsel's performance. It further challenges Vance's ability to raise this matter in a § 2255 motion.

As a preliminary matter, Vance's challenge is appropriate to be heard in a § 2255 proceeding. It is true that *United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014), and *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 1280 (2014), hold that, if a defendant's sentence is within the statutory range, an erroneous career offender finding is not cognizable in a § 2255 proceeding. This is because, in light of the Court's discretion to give an appropriate sentence regardless of the advisory guideline range, an erroneous

career offender finding does not work a miscarriage of justice for § 2255 purposes.  Thus, had Vance directly challenged the calculation of his guideline range, his claim would not be cognizable here.  However, he has not done this; instead, he has invoked the Sixth Amendment right to counsel to bring the issue before the Court.  *See United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011) ("In the sentencing context, an attorney's unreasonable failure to identify and bring to a court's attention an error in the court's Guidelines calculations that results in a longer sentence may constitute ineffective assistance entitling the defendant to relief.").  In the Sixth Amendment context, the Court can properly consider whether Vance's counsel was deficient in his assessment of the career offender guideline application in September 2010.  The Court now turns to that inquiry.

At the time the Court determined Vance to be a career offender in September 2010, U.S.S.G. § 4B1.1 (2009) stated:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) *the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense*.

U.S.S.G. § 4B1.1(a) (2009) (emphasis added).  The guidelines further define a crime of violence as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2009). There is no dispute that Vance satisfies the first two requirements to be a career offender and that he has one prior felony for a controlled substance offense. Vance takes issue with his counsel's failure to object to the Court's classification of his other prior conviction as a crime of violence.

The Supreme Court outlined an approach to deciding whether a prior conviction is a crime of violence in *Descamps v. United States*, 133 S. Ct. 2276 (2013), although it had established this approach in prior cases. *See Johnson v. United States*, 559 U.S. 133 (2010); *Nijhawan v. Holder*, 557 U.S. 29 (2009); *Shepard v. United States*, 544 U.S. 13 (2005); *Taylor v. United States*, 495 U.S. 575 (1990). *Descamps* noted that where the criminal statute of conviction is divisible, that is, where there are alternative paths with different elements to reach a conviction, the Court may use the "modified categorical approach" to determine whether the offense qualifies as a violent felony under 18 U.S.C. § 924(e)(2)(B)(ii) for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] *Id.* at 2281. Under the modified categorical approach, the Court may consult the charging documents and other judicial documents in the underlying case to see which of the alternative ways of reaching a conviction was used and whether that way satisfies the definition of a violent felony set forth in § 924(e)(2)(B)(ii). *Id.* On the other hand, the Court must use the "categorical approach" where the criminal statute is not divisible, that is, where it contains a single set of elements without alternative ways to reach a conviction. *Id.* at 2282. Under the "categorical approach," the Court may only consider the elements of the statute of conviction to see if the conviction qualifies as a violent felony. In neither case can the Court

---

[1] At the time the Court found Vance to be a career offender, courts interpreted "violent felony" under the ACCA and "crime of violence" in the same way. *See United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008).

consider the facts of the underlying case.

Vance's prior conviction as stated in his 2000 judgment of conviction was for "Stealing from a Person, a Class C felony" committed in 1999.   Although the judgment does not mention the specific statute Vance violated, "Stealing from a Person, a Class C felony" under Missouri law is prohibited by V.A.M.S. 570.030.   The first subsection of the statute, V.A.M.S. 570.030.1, prohibits stealing generally, and a later subjection, V.A.M.S. 570.030.3(2), classifies stealing from a person as a Class C felony:

> 1. A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion.
>
> * * *
>
> 3. Stealing is a class C felony if . . . (2) The actor physically takes the property appropriated from the person of the victim. . . .

V.A.M.S. 570.030 (1999).   Regardless of whether V.A.M.S. 570.030 is viewed as a divisible statute for which the Court may consult judicial documents to determine that the conviction qualified under V.A.M.S. 570.030.3(2), or whether V.A.M.S. 570.030.3(2) is viewed an indivisible statute prohibiting "Stealing from a Person," it is clear from Vance's judgment of conviction that he committed the crime of "Stealing from a Person, a Class C felony."   No other document or underlying facts need be considered to come to this conclusion.   It is also clear that under the categorical or modified categorical approaches discussed in *Descamps*, the Court could not have consulted the underlying facts of Vance's case, as he now says his counsel should have urged the Court to do, to find that his conviction was really for "Simple Stealing."   Any attempt by counsel to argue that Vance was not convicted of "Stealing from a Person, a Class C felony," or that he was only convicted of some other category of stealing would have been unconvincing, and

counsel is not deficient for failing to make a frivolous argument.  *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001).

The Court now turns to the question of whether counsel was constitutionally ineffective for failing to argue that the crime of "Stealing from a Person, a Class C felony," is a crime of violence under U.S.S.G. § 4B1.2(a) (2009).  He was not; at the time of the Court's career offender finding it was clear that stealing from a person qualified as a crime of violence because it fit into the last category – the residual clause – of U.S.S.G. § 4B1.2(a)(2) (2009), that is, it "otherwise involves conduct that presents a serious potential risk of physical injury to another."

At the time Vance was sentenced, the United States Court of Appeals for the Eighth Circuit had decided that stealing from a person in violation of V.A.M.S. 570.030.3(2) was a crime of violence.  *United States v. Hennecke*, 590 F.3d 619 (8th Cir. 2010).[2]  The *Hennecke* court applied the rule announced in *Begay v. United States*, 553 U.S. 137 (2008), in which the Supreme Court examined whether a driving under the influence offense ("DUI") was a "violent felony" under the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), which is identical in all material respects to the residual clause of U.S.S.G. § 4B1.2(a)(2).  The *Begay* Court interpreted the residual clause to include only crimes roughly similar in kind and degree of risk posed to the crimes listed immediately before the residual clause (i.e., burglary, arson, extortion, use of explosives), not *every* crime that "presents a serious potential risk of physical injury to another." *Id.* at 142.  It found that DUI differed from burglary, arson, extortion and use of explosives because there was no "purposeful, violent, and aggressive conduct" involved in a DUI.  *Id.* at 145.

---

[2] At the time *Hennecke* was decided, V.A.M.S. 570.030.3(2) (1999) had been amended in ways that are immaterial to this case.

It concluded that DUI was not sufficiently like burglary, arson, extortion or use of explosives that Congress meant to have it covered by the residual clause.  *Id.* at 142.

Applying the *Begay* test, the *Hennecke* court held that the crime of stealing from a person posed a risk of confrontation with the victim such that it presented a serious risk of physical injury and was purposeful, violent and aggressive.  *Hennecke*, 590 F.3d at 622-23.  This is because of the almost certain contact between the victim and the perpetrator during the crime, which would be likely to lead to violence.  *Id.* at 623.  It therefore qualified as a crime of violence under U.S.S.G. § 4B1.2(a)(2).

Similarly, in an unpublished opinion, the United States Court of Appeals for the Seventh Circuit held the same day *Begay* was decided that a conviction under Iowa law for "tak[ing] possession or control of the property of another with the intent to deprive the owner thereof," Iowa Code Ann. § 714.1, where the theft was "from the person of another," Iowa Code Ann. § 714.2(1), was a crime of violence for career offender purposes.  *United States v. Canfield*, 273 Fed. App'x 565, 567-68 (7th Cir. 2008), *cert. denied*, 555 U.S. 1139 (2009).  The *Canfield* court noted that "[t]heft from an individual carries the risk of physical injury because there is the potential for physical confrontation with the thief," and that in such circumstances "there is a likelihood that the victim will resist or defend in a manner that will lead to immediate violence."  *Id.* at 568 (internal quotations omitted) (citing *United States v. Howze*, 343 F.3d 919, 924 (7th Cir. 2003) (holding theft from an individual is a violent felony under the ACCA)).

In light of the supportive decisions contrary to Vance's position from the Seventh Circuit and Eighth Circuit Courts of Appeals, the Court believes Vance's counsel was reasonable in not arguing that Vance's offense of stealing from a person did not qualify as a crime of violence.

Additionally, Vance has suffered no prejudice from his counsel's failure to advance this argument. In light of the law at the time the Court found Vance to be a career offender, the Court would have rejected Vance's argument based on the reasons set forth by the *Hennecke* and *Canfield* courts.

For these reasons, the Court finds Vance's counsel was not constitutionally deficient. Vance is not entitled to relief under § 2255 on this basis.

   B.  <u>Failure to Object to Career Offender Guideline Provision</u>

Vance next faults his counsel for failing to argue that the career offender guideline, U.S.S.G. § 4B1.1, is unconstitutional. He believes the statute directing the Sentencing Commission to fashion sentencing guideline ranges at or near the statutory maximum for repeat offenders, 28 U.S.C. § 994(h), instructs that such heightened ranges should only apply where there are two prior drug felonies or two prior crimes of violence, but not one of each. However, the guideline the Sentencing Commission drafted, U.S.S.G. § 4B1.1, authorizes career offender status where the two prior convictions consist of one drug felony and one crime of violence. He draws his conclusion about Congress' intent from the fact that 28 U.S.C. § 994(h) does not use the word "either" to describe the prior offense requirement where U.S.S.G. § 4B1.1 does. Since U.S.S.G. § 4B1.1 authorizes career offender status beyond what Congress intended, Vance argues, his counsel should have argued that U.S.S.G. § 4B1.1 should not be followed. *See United States v. Labonte*, 520 U.S. 751, 757 (1997) (noting that guidelines that are at odds with Congressional intent must give way).

The Government argues that the plain language of U.S.S.G. § 4B1.1 does not require that the two prior felonies be of the same nature. It further notes that the United States Court of Appeals for the Seventh Circuit has held that the career offender guideline is not subject to a

10

constitutional vagueness challenge, *United States v. Tichenor*, 683 F.3d 358, 364-65 (7th Cir. 2012), and does not otherwise violate the due process clause, *Damerville v. United States*, 197 F.3d 287, 290 (7th Cir. 1999).

Vance's counsel was not deficient for failing to advance the argument that U.S.S.G. § 4B1.1 is inconsistent with 28 U.S.C. § 994(h) and must therefore be disregarded in the inconsistent aspect. That statute provides that the Sentencing Commission shall assure a high guideline range for a defendant convicted of a drug or violent crime who is at least eighteen at the time of his crime and who:

> has previously been convicted of two or more prior felonies, each of which is—
>
> (A) a crime of violence; or
>
> (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and chapter 705 of title 46.

28 U.S.C. § 994(h)(2). In contrast, U.S.S.G. § 4B1.1 provides that the defendant is eligible for career offender status if he is convicted of a drug or violent crime, is at least eighteen at the time of his crime, and "has at least two prior felony convictions of *either* a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3) (emphasis added).

There is no substantive difference between 28 U.S.C. § 994(h)(2) and U.S.S.G. § 4B1.1(a)(3) as far as the nature of the past felonies despite the fact that one uses the word "either" and the other does not. Most importantly, 28 U.S.C. § 994(h)(2) provides that *each* of the two prior felonies must be a crime of violence *or* an offense under the listed drug statutes, that is, the first prior felony must be a crime of violence or a drug crime, and the second prior felony must be a crime of violence or a drug crime. This is consistent with U.S.S.G. § 4B1.1(a)(3). Had

11

Congress intended to require both prior crimes to be of the same nature, it would have said, " . . . has previously been convicted of two or more prior felonies, *both of which are*. . . . (A) *crimes* of violence or (B) *offenses* described in . . . ."  That would have meant that both of the prior felonies would have to be crimes of violence or both would have to be drug crimes.   Congress did not say that, and Vance's attempt to argue that it did is unavailing.

Vance's prior conviction for "Stealing from a Person, a Class C felony" is a crime of violence or a drug crime, and his prior conviction for unlawful delivery of a controlled substance is a crime of violence or a drug crime.   Thus, the Court's finding that he was a career offender is not inconsistent with 28 U.S.C. § 994(h)(2).   His counsel was therefore not deficient for failing to make this meritless argument, and Vance suffered no prejudice as a result of counsel's performance.   Vance is not entitled to § 2255 relief on this basis.

   C.  <u>Failure to Investigate and Argue Responsibility of Another</u>

Vance believes his trial counsel provided ineffective assistance of counsel because he failed to investigate evidence showing he was innocent of the second count of possession with intent to distribute crack cocaine (Count 2).   Count 2 charged that on or about November 7, 2008, Vance possessed with intent to distribute five grams or more of crack cocaine.   This charge was based on evidence found during a November 7, 2008, search of the residence rented by Vance's girlfriend, Sierra Tate.   Vance was staying with Tate at the time the search was conducted.   After admitting in his plea agreement that the crack cocaine found in the search belonged to him, he now faults his counsel for failing to investigate an undated, unsworn letter he claims he provided to his counsel from Tate in which she claimed 100% ownership in the contraband (except for the scales) found in the search.

The Government believes Vance cannot overcome with an unsworn, undated letter his sworn admission in his plea colloquy that he possessed 25.1 grams of crack cocaine, knew it was crack cocaine, and intended to distribute it.  The Government also argues Vance suffered no prejudice because the guideline ranges on Counts 1 and 2 were the same.  Even without a conviction for Count 2, his sentence would have been the same.  Finally, the Government argues that counsel was not deficient in his advice to Vance to plead guilty because there was overwhelming evidence against Vance that he was guilty of Count 2 and other uncharged drug offenses.  Counsel's advice to plead guilty was reasonable, the Government contends, to obtain a three-point offense level reduction for acceptance of responsibility and to avoid further potential charges based on Vance's additional drug activities.

It is true that an attorney has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  *Strickland v. Washington*, 466 U.S. 668, 691 (1984); *accord Wiggins v. Smith*, 539 U.S. 510, 521 (2003)*; Warren v. Baenen*, 712 F.3d 1090, 1097 (7th Cir. 2013); *Adams v. Bertrand*, 453 F.3d 428, 436 (7th Cir. 2006). When a petitioner claims his attorney's failure to investigate led to bad advice to plead guilty, to establish prejudice under the *Strickland* test, the petitioner must show that "the information that might have been discovered 'would have led counsel to change his recommendation as to the plea.'"  *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004) (*per curiam*) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *accord Warren*, 712 F.3d at 1097.

Here, Vance admits he told his counsel about Tate's claim of responsibility and gave him Tate's unsworn, undated letter but that counsel rejected it, saying she would not be credible. Thus, Vance's complaint is not that his counsel did not know about Tate because of a deficient

13

investigation but that he judged her testimony would not be beneficial. This is a reasonable conclusion in light of the fact that Tate had given a statement to law enforcement shortly after the search in which she stated that she had twice seen Vance with 1/8-ounce rocks of crack cocaine, that the digital scale with white powder residue seized belonged to Vance, and that she felt confident he would take ownership of the illegal items in the residence. Furthermore, Vance's fingerprints were found on baggies seized in the search that are commonly used to package crack cocaine. Additional witnesses had given statements about Vance's substantial drug activities, including selling crack cocaine from Tate's residence, on occasion while she was present. Calling Tate as a witness at trial would have subjected her to impeachment by her prior statements and could have produced eyewitness testimony about Vance's drug activities. Furthermore, if consistent with her letter, her testimony would have been self-incriminating, so it is likely she would have taken refuge in the Fifth Amendment had she been called as a witness. In any case, it was reasonable for Vance's counsel to believe that Tate's testimony, if she testified, was not likely to convince a jury that Vance was not guilty in light of the other evidence in the case and may have even been harmful to his case.

In light of the evidence, counsel's judgment that conviction on Count 2 was likely and that Vance would be better off pleading guilty was reasonable. By pleading guilty in a timely manner, he received three offense levels off for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), and he avoided further charges for other illegal drug and activity. Had he been convicted at trial and not received the acceptance of responsibility reduction, his guideline range under U.S.S.G. § 4B1.1(b)(B) would have been 34. With his criminal history of VI, established by his career offender status, his guideline sentencing range would have been 262 to 237 months. With

14

the acceptance of responsibility, his guideline sentencing range was 188 to 235 months.  It was reasonable for counsel to recommend pleading guilty in this situation.

      Finally, Vance has not produced objective evidence that, had counsel investigated Tate's role more or offered her as a witness, there is a reasonable probability he would not have pled guilty and instead would have gone to trial.  *Hill*, 474 U.S. at 56-57; *United States v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009).  To obtain § 2255 relief from an allegedly ill-advised guilty plea, counsel's deficient performance must have been a decisive factor in the defendant's decision to enter the guilty plea.  *Wyatt*, 574 F.3d at 458; *see Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007).  To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony that he would have insisted on going to trial is not enough.  *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011); *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)); *see Wyatt*, 574 F.3d at 458 (stating "a defendant's mere allegation that he would have chosen a path other than the conditional plea is insufficient by itself to establish prejudice.").  Objective evidence can include testimonial evidence, the history of the plea negotiations showing a change of plans immediately after counsel's error, and the type of error likely to impact a plea.  *Julian*, 495 F.3d at 499-500.

      Here, Vance has presented no objective evidence to support his self-serving assertions that had his counsel pursued the defense that Tate was responsible for all of the drugs found in the house where he was staying, he would not have pled guilty.  On the contrary, Vance apparently knew since early on in his case that Tate was willing to say – at least not under oath – that the seized items were hers, yet he pled guilty anyway.  He admitted under oath in the plea colloquy,

15

after careful inquiry by the Court and discussion with his attorney, that the crack cocaine was his and that he intended to distribute it. The Court presumes these sworn statements to be true, *see United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008), and nothing Vance says now leads the Court to believe there is a reasonable probability Vance was not telling the truth or that he would not have pled guilty had counsel performed differently. Vance is not entitled to § 2255 relief on this basis.

### III.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). The Court finds that Vance has not made such a showing and, accordingly, declines to issue a certificate of appealability.

### IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Vance's § 2255 motion, **DIRECTS** the

Clerk of Court to enter judgment accordingly and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED: January 22, 2015**

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**