UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRENCE R. VANCE,

     Petitioner,

         v.                       Civil No. 14-cv-790-JPG

UNITED STATES OF AMERICA,       Criminal No 09-cr-40070-JPG

     Respondent.

## MEMORANUM AND ORDER

This matter comes before the Court on petitioner Terrence R. Vance's motion (Doc. 18) under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's January 22, 2015, judgment denying his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 17).   Vance faults the Court for not allowing him to reply to the Government's response to his § 2255 motion before ruling on the motion.   He believes this caused the Court not to hear his entire argument as to the merits of his motion and his entitlement to a certificate of appealability.   He references a reply brief submitted to the Court on the date of the Court's denial of his § 2255 motion, but the Court received no such brief.

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.   *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).   It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."   *Moro*, 91 F.3d at 876.   Rule 59(e) relief is only

available if the movant clearly establishes one of the foregoing grounds for relief.   *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Nothing Vance says in his pending motion justifies altering or amending the judgment. As for Vance's complaint that the Court did not consider his reply brief, the Court never received it.   Even if it had, it would have been unacceptably late.   Local Rule 7.1(g) allows reply briefs to be filed 7 days after service of a response brief for motions not specifically mentioned in Local Rule 7.1(c).   Three days are added to the reply period to allow for service, *see* Fed. R. Civ. P. 6(d), so Vance's reply brief was due December 22, 2014.   The Court waited a full month after that and, having received no reply brief, ruled on Vance's § 2255 motion.   Vance's complaint that he was not given a chance to reply rings hollow.

For these reasons, the Court **DENIES** Vance's motion to alter or amend the judgment in this case, including its decision not to issue a certificate of appealability (Doc. 18).

**IT IS SO ORDERED.**
**DATED: February 26, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2