UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRENCE R. VANCE,

    Petitioner,

        v.                                      Civil No. 14-cv-790-JPG

UNITED STATES OF AMERICA,             Criminal No 09-cr-40070-JPG

    Respondent.

## **MEMORANUM AND ORDER**

This matter comes before the Court on petitioner Terrence R. Vance's March 16, 2015, reply (Doc. 20) to the Government's response (Doc. 15) to Vance's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court denied Vance's § 2255 motion and entered judgment on January 22, 2015. Because the reply was filed 53 days after the Court's entry of judgment, the Court is tempted to construe the reply as a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b). "When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion." *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). However, such a motion would be forbidden as an unauthorized successive petition since it would clearly be an attack on the Court's prior resolution of a ground for relief on the merits. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context).

Instead, the Court will construe the reply brief as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Vance has alleged – albeit without a proper supporting declaration – that he mailed his reply on the same day the Court entered judgment but that it was returned to him a month later. To give Vance the benefit of the doubt, the Court

construes his reply as a Rule 59(e) motion.

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).  It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  *Moro*, 91 F.3d at 876.  Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief.  *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

The Court has reviewed Vance's filing and finds it does not warrant relief under Rule 59(e).  Vance argues that he should not be procedurally defaulted from pursuing this § 2255 claims, but the Government has not urged procedural default, and the Court did not rely on procedural default in denying Vance's § 2255 motion.

It appears Vance may also be trying to add the new argument that his appellate counsel was constitutionally ineffective for failing to appeal the issue of his career offender status based on his prior Missouri conviction for "stealing from a person."  Arguments, however, are waived if they are raised for the first time in a reply brief because the opposing party has no opportunity to respond.  *See Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998).  Furthermore, the Court would have found Vance's appellate counsel provided competent counsel for the same reasons it found Vance's trial counsel competent.  Those reasons are fully discussed in the Court's order

denying Vance's § 2255 motion.

Vance also reiterates his arguments that he his conviction for "stealing from a person" was not a crime of violence that could support career offender status under United States Sentencing Guidelines Manual § 4B1.1.   However, nothing Vance says in his current filing causes the Court to believe its prior rejection of this argument was erroneous.

Finally, Vance argues he can directly challenge his career offender status in a § 2255 motion.   Because this proposition is contrary to Seventh Circuit law, *see United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014), *cert. denied*, No. 14-8459, 2015 WL 730940 (U.S. Mar. 23, 2015); *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 1280 (2014), the Court stands on its original rejection of Vance's position as to a direct challenge to his career offender status.

In sum, Vance does not satisfy any of the criteria for altering or amending a judgment under Rule 59(e).   Additionally, even if Vance's reply had been timely and the Court had considered it in conjunction with his original motion, it would not have changed the Court's ruling. Therefore, the Court **DENIES** the motion (Doc. 20).

**IT IS SO ORDERED.**
**DATED: April 8, 2015**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**