UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRENCE R. VANCE, | |
|     Petitioner, | |
|         v. | Civil No. 14-cv-790-JPG |
| UNITED STATES OF AMERICA, | Criminal No 09-cr-40070-JPG |
|     Respondent. | |

## MEMORANUM AND ORDER

This matter comes before the Court on petitioner Terrence R. Vance's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 22). Vance asks the Court to vacate its order and judgment denying his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Docs. 16 & 17). In that judgment, the Court rejected Vance's argument that one of his convictions could not serve as a basis for career offender status under the United States Sentencing Guidelines because it was not a crime of violence. Since then, the Supreme Court has ruled that a provision in the Armed Career Criminal Act, 18 U.S.C. § 924(e), with language similar to the relevant guideline defining a "crime of violence" was unconstitutionally vague and therefore unenforceable. *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). Vance now asks the Court to vacate the judgment and reconsider his § 2255 motion in light of *Johnson*.

Vance's pending motion constitutes an unauthorized successive petition because it is an attack on the Court's prior resolution of a ground for relief on the merits. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context). A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the

Court's prior resolution of a ground for relief on the merits is a successive petition.  *See Gonzalez*, 545 U.S. at 531; *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion).   In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h).  *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).   The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider Vance's motion (Doc. 22) and **DISMISSES** it for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED: August 17, 2015**

　　　　　　　　　　　　　　　　　　　s/ J. Phil Gilbert
　　　　　　　　　　　　　　　　　　　**J. PHIL GILBERT**
　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**